**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRIGITTE KOVACEVICH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:09-0068** |
| **v.** | ) | **JUDGE ECHOLS** |
| | ) | |
| **VANDERBILT UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Plaintiff Brigitte Kovacevich ("Plaintiff") filed a Motion For Partial Judgment On The Pleadings Or In The Alternative, For Partial Summary Judgment (Docket Entry No. 16), to which Defendant Vanderbilt University ("Vanderbilt") filed a response in opposition (Docket Entry No. 22), and Plaintiff filed a reply (Docket Entry No. 28).

## I. FACTS

Plaintiff was a graduate student in the Department of Anthropology in Vanderbilt's Graduate School from August 1997 through June 2006. During at least part of Plaintiff's graduate school education, Dr. Arthur Demarest was her mentor. Dr. Demarest, the Ingram Professor of Anthropology at Vanderbilt, was the Director of the Cancuen Archeological Project in Guatemala, where Plaintiff performed her field research for her doctoral dissertation. Dr. Demarest served on Plaintiff's dissertation committee. Plaintiff received her Ph.D. degree in August 2006.

During her years as a graduate student, Plaintiff served as a teaching assistant during various academic semesters between 1997 and 2004. She was not employed by Vanderbilt as a teaching assistant after the fall 2004 semester.

1

On August 10, 2007, Plaintiff filed a Complaint against Vanderbilt in the United States District Court for the Middle District of Tennessee, Case No. 3:07-0828. The Complaint alleged sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 as amended and Title IX of the Education Amendments of 1972. Pursuant to a settlement conference conducted by Magistrate Judge Juliet Griffin and several weeks of protracted negotiations, Plaintiff, Vanderbilt, and Dr. Demarest entered into a confidential settlement agreement that was signed on January 3, 2008.

On March 29, 2008, Dr. Demarest made a presentation at the annual meeting of the Society for American Archaeology in Vancouver, British Columbia. Plaintiff claims that Dr. Demarest made comments about her during his presentation that constituted retaliation.

On April 8, 2008, Plaintiff filed a new charge of discrimination with the EEOC alleging retaliation under Title VII. Plaintiff alleged that, during his presentation at the Vancouver conference on March 29, 2008, Dr. Demarest retaliated against Plaintiff by:

> attacking charging party's academic scholarship on the basis of unspecified new evidence and further alleged that charging party had plagiarized his ideas on inalienable possessions. Demarest was shaking and angry during his presentation. At the same conference, Demarest sought out one of charging party's publishers and alleged that charging party did not have permission to use various charts, graphs and illustrations contained in a chapter written by charging party and published by the University of Colorado Press. In addition, Demarest has instructed at least one illustrator to withdraw permission given to charging party to use his illustrations contrary to Demarest's agreement not to so interfere.
>
> Demarest's attempts to sabotage charging party's career and employment opportunities are in retaliation for charging party's protected activity including her filing of the civil action in federal court. Charging party has been substantially damaged by this retaliation.

(Docket Entry No. 29-1, Ex. 2, Charge of Discrimination.)

2

Vanderbilt denied that any actions by Dr. Demarest constituted retaliation against Plaintiff under Title VII, the Tennessee Human Rights Act, or Title IX. Vanderbilt alleged that Plaintiff requested the issuance of a Notice of Right to Sue before the EEOC completed its investigation of the charge.

On May 5, 2008, Vanderbilt filed a Complaint in the Chancery Court for Davidson County, Tennessee, seeking a declaratory judgment as to Plaintiff's obligations under Section 5.1 of the settlement agreement, specific performance of the terms of the agreement, damages for Plaintiff's breach of the agreement and an injunction directing the Plaintiff to comply with the terms of the agreement regarding claims which she was asserting against Dr. Demarest in her EEOC charge. Vanderbilt also asked the court to enjoin Plaintiff from pursuing claims against Vanderbilt in the EEOC charge which had been settled and dismissed in the settlement agreement and which she had agreed to assert only against Dr. Demarest individually. The state court denied Vanderbilt's motion for a preliminary injunction.

Thereafter, Plaintiff filed this lawsuit against Vanderbilt alleging retaliation. She seeks partial judgment on the pleadings or in the alternative, partial summary judgment on the retaliation claim set forth in paragraph 21 of the Complaint. In paragraph 21, Plaintiff alleged:

> On or about May 5, 2008, defendant Vanderbilt in further retaliation for the plaintiff's exercise of her protected activity, namely the filing of the April, 2008 EEOC charge, filed a civil action against the plaintiff in the Chancery Court for Davidson County, Tennessee attempting to enjoin plaintiff from pursuing her EEOC charge and causing plaintiff to incur attorneys fees and other injury in an effort to restrain plaintiff from pursuing her constitutional and statutory right to file and to pursue her charge with the EEOC. The Court denied defendant Vanderbilt's motion for an injunction.

In the Answer, Vanderbilt responded to paragraph 21 as follows:

> The Defendant admits that it filed a complaint in the Chancery Court for Davidson County, Tennessee on May 5, 2008 seeking to enjoin the pursuit of the

3

EEOC charge by the Plaintiff which was filed in direct violation of the terms and conditions of the confidential settlement agreement entered into between the Plaintiff, Dr. Demarest and the Defendant on January 3, 2008. The Defendant admits that the Court denied Vanderbilt's motion for a preliminary injunction.

The state court pleadings are not part of the record in this case. Therefore, the Court has not had an opportunity to review those pleadings.

## II. STANDARD OF REVIEW

In ruling on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court must take all well-pleaded material allegations of the pleadings of the opposing party as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008). A Rule 12(c) motion is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. Id. Because the parties submitted only materials mentioned in the Complaint, the Court treats the motion as filed under Rule 12(c), and not Rule 56.

## III. ANALYSIS

Plaintiff cites EEOC v. Sundance Rehabilitation Corp., 466 F.3d 490, 498 (6th Cir. 2006), for the proposition that courts generally hold that prohibitions on filing charges with the EEOC are void and unenforceable as against public policy. She also cites EEOC v. Frank's Nursery and Crafts, Inc., 177 F.3d 448, 456 (6th Cir. 1999), for the rule that waiver of the right to file a charge with the EEOC is void as against public policy. Plaintiff admits, however, that the settlement agreement in the 2007 case did not expressly preclude her from filing a future EEOC charge. She argues, rather, that Vanderbilt's attempt to interpret the settlement agreement so as to preclude the filing of an EEOC charge runs contrary to public policy. Vanderbilt responds that its action

seeking enforcement of the terms of [the] Settlement Agreement which were reached after extensive negotiations primarily on what academic or scholarly commentary by

4

> Plaintiff and by Dr. Demarest regarding the other's work would be permissible, and what commentary could form the basis of future claims, did not preclude the Plaintiff from pursuing a claim with the EEOC, but simply required that she follow the procedure set forth in that Agreement <u>before</u> filing the charge that she filed in April 2008.

(Docket Entry No. 22 at 9.)  Vanderbilt does not specify what procedure was set forth in the settlement agreement that Plaintiff failed to follow.  The settlement agreement is included in the present record and the Court has reviewed it.  It is not entirely clear to the Court that the agreement contained a "procedure" Plaintiff was required to follow before filing a new EEOC charge.  But be that as it may, the Court is at a loss to know what positions the parties advocated in state court because the state court pleadings are not before the Court for review.  Without knowing additional facts about the pleadings filed by the parties in state court, the Court cannot determine as a matter of law whether Vanderbilt illegally tried to prevent Plaintiff from pursuing an EEOC charge or whether Vanderbilt legitimately argued that Plaintiff was required by the settlement agreement to follow certain steps before filing the new EEOC charge.  <u>See</u> Wright & Miller, *Federal Practice and Procedure: Civil 3d,* § 1368 at 248-251 (2004) ("A motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court [footnote omitted]; otherwise, a summary judgment motion or a full trial is necessary.")

In addition to the parties' different interpretations of the state court proceedings, the parties also dispute what Dr. Demarest actually said during the Vancouver conference and whether his comments fell within proper criticism of Plaintiff's scholarship as allowed under the settlement agreement or whether his remarks constituted unlawful retaliation.  Vanderbilt also argues the merits of Plaintiff's retaliation claim, urging the Court to conclude that Plaintiff cannot meet the elements of her *prima facie* case because she cannot show she suffered any adverse employment action by Vanderbilt and she cannot establish the causal link between her filing of a previous EEOC charge

and federal lawsuit and Dr. Demarest's later criticism of her scholarship at the conference or Vanderbilt's attempt to enforce the provisions of the settlement agreement. Without a more developed factual record, the Court cannot resolve these issues on a Rule 12(c) motion.

## IV. CONCLUSION

For the reasons stated, Plaintiffs' Motion For Partial Judgment On The Pleadings Or In The Alternative, For Partial Summary Judgment (Docket Entry No. 16) will be denied. This case will be returned to the Magistrate Judge for further case management.

An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE